By the Chancellor.

The law is, that every person taken by an attachment for not performing any order or decree of this Court, shall be committed to the gaol of the county where the attachment is executed, and thereupon a writ of habeas corpus may be moved for, to bring up his body, if in custody, or if not, then the Serjeant of the Court may be sent ,to bring him, thát he may be committed j but if the return upon the attachment be non est inventus, it is then proper to move for an attachment with proclamations, which if also returned non est inventus, a commission of rebellion may issue, as was done in this *438 Court in the case of Parcel against Parcel. In the case before the Court, .the executor is at large upon the return of cepi corpus, and if he was brought up by the Serjeant of the Court, the course would be to commit him Until he should clear his contempt; that is to say, until the Court could be satisfied that its order would be obeyed. This would be the regular course of proceeding, but attended with more inconvenience, than the mode that was adopted by this Court in the case of Fisher against Fisher, the effect of which is the same ; and therefore the Court would prefer that mode now : and an order was made to this effect ; that if the said executor do, on or before the tenth day of August next, comply with the terms of the decretal order pronounced in this cause, the 13th September, 1805, to the satisfaction of the Commissioners therein named, to be certified to this Court, the said attachment is to be discharged as an act of this day; but if the said Commissioners should certify to this Court, that the said executor had failed to comply with the said decretal order in manner aforesaid, then it is ordered, that the Sheriff of the county of Loudon do commit the said executor to the gaol of the said county, until the Judge of this Court, in Court or out of Court, is satisfied that the said executor hath fully complied with the said decretal order, and shall arder him to be discharged.